IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| XAVIER FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS J. BRADY,<br><br>Defendant. | CIVIL NO. 15-00408 DKW-KSC<br><br>ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS |

**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

**INTRODUCTION**

On October 8, 2015, Plaintiff pro se Xavier Flores filed a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). The Complaint vaguely asserts claims against Assistant United States Attorney ("AUSA") Thomas J. Brady. Because Flores does not state a claim against AUSA Brady and the Court is without jurisdiction, the Court DISMISSES

the complaint with prejudice for failure to comply with Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6), and DENIES the Application as moot.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Flores is proceeding pro se, and, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

Rule 8 mandates that a complaint include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "[E]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court

and counsel to be alert to jurisdictional requirements.”). “A party invoking the federal court’s jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.” *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

## DISCUSSION

Upon review of the Complaint and documents attached thereto, the Court finds that Flores fails to establish this Court’s jurisdiction over this matter and to state a claim upon which relief may be granted.

Although difficult to decipher, it appears that Flores is upset that AUSA Brady would not investigate certain matters relating to “national security” or let Flores speak to Florence Nakakuni, United States Attorney for the District of Hawai‘i. The Complaint alleges as follows:

> Approx. two weeks ago, I met Thomas J. Brady who is the Chief, Criminal Division, District of Hawaii, regarding misconduct acts by civil and public officials in the State of Oklahoma. Then, I requested to speak to the U.S. Attorney Florence Nakakuni regarding my interest to continue my work in this State — Hawaii.
>
> Thomas J. Brady said that I would not be able to speak to her, at all. I said that the topic of subject is pertaining to U.S. National Security. He continued to state that I could not speak to the U.S. Attorney Florence Nakakuni.
>
> . . . .

> As a relief, I would like the court to question Thomas J. Brady—Chief Criminal Division District of Hawaii qualification of his position in this Court.
>
> Secondly, I need to speak to the U.S. Attorney Florence Nakakuni regarding access to my financial accounts. Currently, I cannot continue my work because of authority/jurisdiction and funding. I'm living on food stamp[s], streets, and unavailable to access a secure means of communication to any public official.

Complaint at 1-2.

First, the Court finds that it is without subject matter jurisdiction over the vague allegations. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, he may assert "federal question jurisdiction," based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Second, a plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants"). Flores provides no plausible basis for this Court to assert either federal question or diversity jurisdiction. Accordingly, he fails to establish subject matter jurisdiction, and this Court is without the authority to adjudicate his claims.

Next, the Court finds that the Complaint fails to state a claim (1) against AUSA Brady based on his alleged refusal to allow Flores to speak to United States Attorney Nakakuni, and (2) against any other party based on Flores' request to speak with United States Attorney Nakakuni regarding his "financial accounts." Quite simply, Flores has identified no source of any legal right which would entitle him to

this relief. *See Stengel v. Columbus*, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988) (The "right to petition government afforded by the First Amendment does not include the absolute right to speak in person to officials. . . . The right to petition government does not create in the government a corresponding duty to act."); *Erum v. County of Kauai*, 2008 WL 763231, at * 5 (D. Haw. Mar. 20, 2008) ("Individuals' First Amendment right to petition their government is not mirrored in a governmental obligation to respond to the exercise of that right.") (citing *Minn. State Bd. for Comm. Colls. v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."); *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465 (1979) ("But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it."); *cf. DeShaney v. Winnebago Country Dept. of Soc. Servs.*, 489 U.S. 189, 195-96 (noting that the Fourteenth Amendment generally confers no affirmative obligations on the Government)). Nor is he entitled to petition this Court to examine AUSA Brady's "qualifications to hold his position" because AUSA Brady is not employed by the United States District Court for the District of Hawai'i. *See* United States

Attorneys' Manual § 1-2.010, Organization and Functions of the Department of Justice, *available at* http://www.justice.gov/usao/eousa/foia_reading_room/usam. Accordingly, Flores does not allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). In sum, even assuming the truth of the statements set forth in the Complaint, these allegations fail to state claims upon which this Court may grant relief.

Finally, AUSA Brady appears to be immune from suit in both his official and individual capacity.[1] First, the claims against AUSA Brady in his official capacity as an employee of the Department of Justice ("DOJ") are barred by the doctrine of sovereign immunity. Any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001); *see also Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the DOJ). The United States, as a sovereign, is immune from suit unless it has waived its immunity. Because

[1]Although the Complaint does not specify whether the claims are brought against AUSA Brady in his official or individual capacity, the Court assumes for purposes of this instant analysis that Flores asserts both official and individual capacity claims.

there is no evidence that the United States has done so here, the Court lacks subject matter jurisdiction over the claim. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998).

Second, claims against prosecutors acting in their capacities within the U.S. Attorney's Office are barred by the doctrines of prosecutorial and qualified immunity. As a general rule, government officials performing discretionary functions are shielded from liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[2] Government officials are immune as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The Supreme Court has held that a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640. This qualified immunity protects government officials "from suit rather than [serving as] a mere defense to liability." *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Flores alleges no facts to support a conclusion that AUSA Brady's conduct

---

[2]Because the allegations do not appear to involve the prosecutor's judicial function, but, instead, implicate the prosecutor's exercise of administrative or investigative functions, absolute prosecutorial immunity does not apply here. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

violated any clearly established statutory or constitutional right of which a reasonable person would have known. Accordingly, AUSA Brady is shielded from liability under the doctrine of qualified immunity.

Having screened the Complaint, the Court DISMISSES it and DENIES the Application as moot. Because defendant is immune from suit, Flores has failed to assert a plausible claim for relief, and the Court is without subject matter jurisdiction, the Court finds that granting Flores leave to amend his Complaint would be futile—no amendment would remedy his inability to assert these claims against an AUSA in his official or individual capacity. To be clear, even assuming the truth of the sincerely alleged statements in the Complaint, Flores fails to establish a claim for relief over which this Court has jurisdiction.

// //

// //

// //

## CONCLUSION

Based upon the foregoing, Complaint is DISMISSED without leave to amend and the Application is DENIED as moot. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: October 14, 2015 at Honolulu, Hawai'i.




Derrick K. Watson
United States District Judge

---

<u>*Xavier Flores v. Thomas J. Brady*</u>; Civil No. 15-00408 DKW-KSC;
**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**